**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ALFRED COLEMAN III and**
**DIONNA COLEMAN, his wife,**

Plaintiffs,

Case No. ____________
Hon. __________________

v.

**CITY OF DETROIT;**
**OFFICERS AUDRIANNA C MONTGOMER Y ; A. BELL ( Badge # 40); JOHN/JANE DOE OFFICERS 1-4, including the responding supervisor, in their individual capacities,**

Defendants.
_______________________________________________

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiffs Alfred Coleman and Dionna Coleman (collectively, "Plaintiffs"), by and through counsel MCCLAIN LAW by ,Diana L. McClain state the following Complaint against Defendants:

## NATURE OF THE ACTION

1. This civil-rights action arises from a traffic-stop encounter on October 27, 2024, in Detroit, Michigan, during which Alfred Coleman alleges that Detroit police officers escalated a routine stop into a physical detention, placed him in handcuffs attached to the bumper of his vehicle, interfered with his effort to use his phone, prolonged his detention despite his attempts to provide valid identification and insurance, and caused his vehicle to be impounded even though his insurance was valid.

2. Plaintiffs seek relief under 42 U.S.C. § 1983 for violations of Alfred Coleman's rights under the First and Fourth Amendments to the United States Constitution, and under Michigan law for

intentional torts arising from the same occurrence. Alfred Coleman's wife asserts a derivative Michigan loss-of-consortium claim.

3. Plaintiffs do not presently know the names and badge numbers of all involved officers. The individual Defendants are therefore identified as John/Jane Doe Officers 1-4 until their identities can be confirmed through police reports, body-worn camera footage, dispatch records, CAD logs, towing records, and discovery. Plaintiffs reserve the right to amend this Complaint promptly after learning those identities.

**JURISDICTION AND VENUE**

4. This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiffs assert claims under 42 U.S.C. § 1983 and the United States Constitution.

5. This Court has supplemental jurisdiction over the related Michigan-law claims under 28 U.S.C. § 1367 because those claims arise from the same case or controversy as the federal claims.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Detroit, Wayne County, Michigan, within the Eastern District of Michigan, Southern Division, and Defendant City of Detroit resides in this District.

**PARTIES**

7. Plaintiff ALFRED COLEMAN III is an adult resident of  Wayne County, Michigan. At all relevant times, he was operating his vehicle and was engaged in ordinary personal and work-related activities.

8. Plaintiff  DIONNA COLEMAN ,  is Alfred Coleman's lawful spouse and an adult resident of Wayne , Michigan.

9. Defendant City of Detroit is a Michigan municipal corporation responsible for the Detroit Police Department ("DPD") and for the policies, customs, training, supervision, discipline, and practices of DPD personnel.

10. Defendant A. BELL (Badge # 40), Bell hereinafter . upon information and belief, is the male DPD officer who opened Alfred Coleman's driver-side door, grabbed his arm, attempted to restrain him, assisted in the handcuffing, and attempted to take or control Coleman's phone. He is sued in his individual capacity.

11. Defendant AUDRIANNA C MONTGOMERY , Montgomery, hereinafter and is, upon information and belief, one of the female DPD officer who participated in the stop, attempted to handcuff Coleman, attached or used a handcuff at the vehicle bumper, ran Coleman's information, and issued the citation. She is sued in her individual capacity.

12. Defendants John/Jane Doe Officers 1-3 are the additional officers who arrived at or participated in the detention, observed the restraint and/or proof of insurance, and failed to take reasonable steps to stop the ongoing alleged constitutional violations. They are sued in their individual capacities to the extent their personal involvement is established.

13. Defendant John/Jane Doe Officer 4 is the responding supervisory officer who spoke with Coleman and the other officers and is alleged to have permitted the continued enforcement action and vehicle impoundment despite being shown or told of Coleman's valid insurance. This Defendant is sued in his or her individual capacity to the extent discovery establishes personal participation, direction, approval, or failure to intervene.

## FACTUAL ALLEGATIONS

14. On October 27, 2024, at approximately 3:20 p.m. to 3:45 p.m., Alfred Coleman was leaving the area of a party store located near Puritan Avenue and Wyoming Avenue in Detroit, Michigan, and proceeded westbound on Puritan toward Meyers Road.

15. Coleman was dressed in work clothes, had tools associated with his contracting work in the vehicle, and had been at the location only briefly while a worker accompanying him went into the store.

16. Coleman observed a police vehicle positioned across the street near the gas-station area before he pulled into traffic.

17. After police initiated the stop, a female officer asked whether there were weapons in the vehicle. Coleman stated there were not. He explained that his wife, not he, held a CPL and that she was at work.

18. Coleman attempted to provide his driver's license and proof of insurance. Before he had a meaningful opportunity to do so, the male officer opened the driver-side door and grabbed Coleman's left arm while displaying or preparing handcuffs.

19. Coleman questioned why he was being physically detained and repeatedly stated that he wanted to provide his license and proof of insurance. He also requested a supervisor multiple times.

20. The officers directed or moved Coleman toward the rear of his vehicle. Coleman alleges that the officers positioned themselves around him so that he was not free to leave.

21. At the rear of the vehicle, the female officer took hold of Coleman's right arm and attempted to apply a handcuff. Coleman alleges that one cuff had been attached to or positioned at the bumper and that the officers were attempting to connect him to the bumper.

22. Coleman was holding his phone in his left hand and recording or attempting to document the encounter. The male officer repeatedly attempted to take or control the phone while also assisting the female officer in restraining Coleman.

23. The officers ultimately handcuffed Coleman to the bumper of his own vehicle. Coleman alleges that he was nonviolent, did not threaten the officers, did not attempt to flee, and was trying to comply by producing documentation.

24. During the encounter, Coleman verbally objected to what he believed was an unlawful detention, asked for a supervisor, and stated that the officers were violating his rights. His verbal objections did not constitute a threat or fighting words.

25. Additional officers arrived within minutes. Coleman attempted to explain what had occurred and displayed valid proof of insurance on his phone to at least one additional female officer and to the original male officer.

26. Coleman alleges that no responding officer took reasonable steps to end the detention or prevent the continued enforcement action after he displayed valid insurance.

27. A supervisory officer eventually arrived. Coleman showed the supervisor proof of insurance on his phone and complained about the escalation of the stop and the detention.

28. Despite the proof of insurance, the female officer issued a citation and the officers caused or permitted Coleman's vehicle to be impounded.

29. The officers allowed Coleman to remove his work tools and belongings from the vehicle before it was towed.

30. Coleman retrieved the vehicle the following day and paid approximately $400 or more in towing, storage, and/or impound-related charges.

31. Coleman later appeared in court with counsel. He recalls that the charge or citation was dismissed after the validity of his insurance on the date of the incident was confirmed.

32. As a result of the handcuffing and restraint, Coleman experienced wrist swelling and numbness. He treated the wrist at home and did not obtain immediate formal medical treatment for the wrist.

33. Coleman has also experienced emotional and psychological injury arising from the incident. He reports that he has treated with a therapist, has been diagnosed with post-traumatic stress disorder, and continues treatment.

34. Coleman incurred economic loss, including towing and impound expenses, loss of use of his vehicle, and other consequential losses to be established in discovery.

35. At all relevant times, the individual Defendants acted under color of state law and within the course of performing or purporting to perform police functions for the City of Detroit.

36. To the extent any Defendant did not personally apply the restraint or order the impoundment, Plaintiffs allege that such Defendant participated in, directed, approved, acquiesced in, or had a realistic opportunity to prevent an ongoing violation and failed to do so.

COUNT I
**42 U.S.C. § 1983 - UNREASONABLE SEIZURE, DETENTION, AND FALSE ARREST**
**FOURTH AMENDMENT**
**(Alfred Coleman v. Bell, Montgomery and John/Jane Doe Officers)**

37. Plaintiff incorporates Paragraphs 1 through 36 as though fully set forth herein.

38. The Fourth Amendment protects persons from unreasonable seizures. Even if the initial traffic stop was lawful, the scope and duration of a traffic detention must remain reasonably related to the lawful mission of the stop unless independent lawful grounds justify additional detention.

39. Coleman alleges that the individual officers escalated and prolonged the stop, physically restrained him, and handcuffed him to his vehicle even though he was nonviolent, was not attempting to flee, and was attempting to provide identification and valid insurance.

40. Coleman alleges that, at the time of the challenged restraint and continued detention, the officers lacked probable cause to arrest him and lacked reasonable grounds to impose the degree and duration of restraint used.

41. The individual officers' acts and omissions were intentional, objectively unreasonable, and were a direct and proximate cause of Coleman's injuries and damages.

**WHEREFORE,** Plaintiff Alfred Coleman respectfully requests that this Court enter judgment in favor of Plaintiff Alfred Coleman and against Defendants John/Jane Doe Officers and

award compensatory damages in excess of $75,000.00, punitive damages where permitted by law, reasonable attorney fees and costs under 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

COUNT II
**42 U.S.C. § 1983 - EXCESSIVE FORCE AND UNREASONABLE HANDCUFFING FOURTH AMENDMENT**
**(Alfred Coleman v. Bell, Montgomery and John/Jane Doe Officers)**

42. Plaintiff incorporates Paragraphs 1 through 41 as though fully set forth herein.

43. The individual officers used force by grabbing Coleman, controlling his arms, attempting to take or control his phone, applying handcuffs, and securing him to the bumper of his vehicle.

44. Under the circumstances alleged, the degree and manner of force were not reasonably necessary to accomplish a legitimate law-enforcement objective because Coleman was not violent, did not pose an immediate threat, and was not attempting to flee.

45. The manner of handcuffing caused wrist swelling, numbness, pain, humiliation, and emotional distress. The totality of the force used, including the method of securing Coleman to the vehicle bumper, was objectively unreasonable.

46. Any officer who observed the ongoing use of unreasonable force and had a realistic opportunity to intervene but failed to do so is liable for that failure to intervene to the extent established by discovery.

**WHEREFORE,** Plaintiff Alfred Coleman respectfully requests that this Court enter judgment in favor of Plaintiff Alfred Coleman and against Defendants John/Jane Doe Officers and award compensatory damages in excess of $75,000.00, punitive damages where permitted by law, reasonable attorney fees and costs under 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

COUNT III
**42 U.S.C. § 1983 - UNREASONABLE SEIZURE AND IMPOUNDMENT OF VEHICLE**

**FOURTH AMENDMENT**
**()Alfred Coleman v. Bell, Montgomery and John/Jane Doe Officers**

47. Plaintiff incorporates Paragraphs 1 through 46 as though fully set forth herein.

48. The seizure and impoundment of Coleman's vehicle constituted a seizure of property within the meaning of the Fourth Amendment.

49. Coleman alleges that he displayed valid insurance to officers and the responding supervisor before the decision to proceed with or permit the impoundment became final.

50. Upon information and belief, the vehicle did not present a public-safety or community-caretaking condition that required continued impoundment after the officers were presented with valid insurance.

51. As a direct and proximate result, Coleman lost possession and use of his vehicle and incurred towing, storage, and impound expenses and other consequential damages.

**WHEREFORE,** Plaintiff Alfred Coleman respectfully requests that this Court enter judgment in favor of Plaintiff Alfred Coleman and against Defendants John/Jane Doe Officers and award compensatory damages in excess of $75,000.00, punitive damages where permitted by law, reasonable attorney fees and costs under 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

COUNT IV
**42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION**
**(Alfred Coleman v. Bell, Montgomery and John/Jane Doe Officers)**

52. Plaintiff incorporates Paragraphs 1 through 51 as though fully set forth herein.

53. Coleman engaged in protected speech by verbally objecting to police conduct, questioning the legality of his detention, and repeatedly requesting a supervisor. His speech did not constitute a true threat or fighting words.

54. Coleman suffered adverse actions capable of deterring a person of ordinary firmness from continuing to exercise protected speech, including continued physical restraint, handcuffing, attempted interference with his use of his phone, continued detention, citation, and vehicle impoundment.

55. Plaintiff alleges, in the alternative and to the extent supported by discovery and video evidence, that Coleman's protected speech was a substantial or motivating factor in the continuation or escalation of the adverse actions and that the relevant adverse actions were not supported by lawful grounds sufficient to defeat the retaliation claim.

56. The acts and omissions of the individual Defendants caused Coleman compensable injury.

**WHEREFORE,** Plaintiff Alfred Coleman respectfully requests that this Court enter judgment in favor of Plaintiff Alfred Coleman and against Defendants John/Jane Doe Officers and award compensatory damages in excess of $75,000.00, punitive damages where permitted by law, reasonable attorney fees and costs under 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

## COUNT V
## 42 U.S.C. § 1983 - MUNICIPAL LIABILITY
## (Alfred Coleman v. City of Detroit)

57. Plaintiff incorporates Paragraphs 1 through 56 as though fully set forth herein.

58. The City of Detroit is not sued under a theory of respondeat superior. Plaintiff alleges municipal liability only to the extent the constitutional violations were caused by an official policy, widespread custom or practice, deliberate failure to train or supervise, decision of an authorized policymaker, or ratification attributable to the City.

59. The involvement of multiple officers and a responding supervisor in the same episode, including the alleged continuation of detention and impoundment after valid insurance was displayed, supports a reasonable basis for investigating whether the conduct reflected deficient training, supervision, discipline, practices, or ratification rather than an isolated unauthorized act.

60. Upon information and belief, discovery will identify the applicable DPD policies, training materials, supervisory practices, prior similar complaints or incidents, internal investigations, disciplinary history, and decisionmakers relevant to the challenged conduct.

61. To the extent discovery establishes that a City policy, custom, failure to train or supervise amounting to deliberate indifference, or action or ratification by a final policymaker was the moving force behind the constitutional violations alleged above, the City is liable under 42 U.S.C. § 1983. Plaintiff reserves the right to amend this count to plead the identified policy, custom, training deficiency, or policymaker with greater particularity after discovery.

**WHEREFORE,** Plaintiff Alfred Coleman respectfully requests that this Court enter judgment in favor of Plaintiff Alfred Coleman and against Defendant City of Detroit and award compensatory damages in excess of $75,000.00, reasonable attorney fees and costs under 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

COUNT VI
FALSE ARREST / FALSE IMPRISONMENT - MICHIGAN LAW
**()Alfred Coleman v. Bell, Montgomery and John/Jane Doe Officers**

62. Plaintiff incorporates Paragraphs 1 through 61 as though fully set forth herein.

63. The individual officers intentionally restrained Coleman's freedom of movement by physical control, handcuffing, securing him to his vehicle, surrounding him, and maintaining custody over him.

64. Coleman alleges that the challenged restraint, to the extent it exceeded any lawful traffic detention, was without legal authority or probable cause.

65. The individual officers acted maliciously, in bad faith, and/or with willful and wanton disregard of Coleman's rights to the extent necessary to defeat individual governmental immunity for intentional torts.

66. The unlawful restraint directly and proximately caused Coleman physical, emotional, and economic damages.

**WHEREFORE,** Plaintiff Alfred Coleman respectfully requests that this Court enter judgment in favor of Plaintiff Alfred Coleman and against Defendants John/Jane Doe Officers and award compensatory and exemplary damages in excess of $75,000.00, together with costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

COUNT VII

**ASSAULT AND BATTERY - MICHIGAN LAW**

**(Alfred Coleman v. Bell, Montgomery and John/Jane Doe Officers)**

67. Plaintiff incorporates Paragraphs 1 through 66 as though fully set forth herein.

68. The individual officers intentionally caused Coleman to reasonably apprehend immediate harmful or offensive contact and then made harmful or offensive physical contact with him by grabbing him, controlling his arms, applying handcuffs, and securing him to the vehicle bumper.

69. To the extent the force used exceeded the force reasonably necessary for a lawful police purpose, the contact was unprivileged and constituted assault and battery under Michigan law.

70. The individual officers acted maliciously, in bad faith, and/or with willful and wanton disregard of Coleman's rights to the extent necessary to defeat individual governmental immunity for intentional torts.

71. The assault and battery caused physical pain and symptoms, humiliation, mental distress, and other damages.

**WHEREFORE,** Plaintiff Alfred Coleman respectfully requests that this Court enter judgment in favor of Plaintiff Alfred Coleman and against Defendants John/Jane Doe Officers and award compensatory and exemplary damages in excess of $75,000.00, together with costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

COUNT VIII
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - MICHIGAN LAW**
**(Alfred Coleman v. Bell, Montgomery and John/Jane Doe Officers)**

72. Plaintiff incorporates Paragraphs 1 through 71 as though fully set forth herein.

73. Plaintiff alleges that, taken together, the conduct of forcibly restraining a nonviolent motorist to the bumper of his vehicle, interfering with his effort to document the encounter, ignoring repeated requests for supervisory review, and proceeding with impoundment after valid insurance was displayed was extreme and outrageous.

74. The individual Defendants intended to cause emotional distress or acted in reckless disregard of the probability that emotional distress would result.

75. Coleman suffered severe emotional distress, including symptoms for which he has obtained therapy and treatment and for which he reports a diagnosis of post-traumatic stress disorder.

76. The individual officers acted maliciously, in bad faith, and/or with willful and wanton disregard of Coleman's rights to the extent necessary to defeat individual governmental immunity for intentional torts.

**WHEREFORE,** Plaintiff Alfred Coleman respectfully requests that this Court enter judgment in favor of Plaintiff Alfred Coleman and against Defendants John/Jane Doe Officers and award compensatory and exemplary damages in excess of $75,000.00, together with costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

**COUNT IX**
**LOSS OF CONSORTIUM - MICHIGAN LAW**
**(Dionna Coleman v. Bell, Montgomery and John/Jane Doe Officers)**

77. Plaintiff Dionna Coleman incorporates Paragraphs 1 through 76 as though fully set forth herein.

78. Dionna Colemanwas lawfully married to Alfred Coleman at the time of the incident and remains his spouse.

79. As a direct and proximate result of the injuries wrongfully inflicted upon Alfred Coleman as alleged in the Michigan-law tort counts, his wife has suffered and continues to suffer loss and impairment of consortium, including loss of society, companionship, affection, comfort, assistance, services, and the ordinary benefits of the marital relationship.

80. This claim is derivative of Alfred Coleman's viable Michigan common-law claims and is asserted against the individual officers to the extent those officers are liable on the underlying state-law tort claims.

**WHEREFORE,** Plaintiff , Dionna Coleman respectfully requests that this Court enter judgment in favor of Plaintiff, Dionna Coleman and against Defendants John/Jane Doe Officers and award compensatory damages in excess of $75,000.00 for loss of consortium, together with costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

**DAMAGES**

81. As a direct and proximate result of Defendants' conduct, Alfred Coleman has suffered physical pain and symptoms, emotional distress, humiliation, anxiety, psychological injury, therapy and treatment expenses, towing and impound expenses, loss of use of property, and other economic and noneconomic damages to be proven at trial.

82. Plaintiffs seek compensatory damages in an amount to be determined by the jury; punitive damages against the individual Defendants on the federal claims where permitted by law;

exemplary damages on the Michigan intentional-tort claims where permitted by law; reasonable attorney fees and costs under 42 U.S.C. § 1988; pre- and post-judgment interest; and all other relief the Court deems just and proper.

83. Plaintiff , Dionna Coleman seeks damages for loss of consortium as allowed under Michigan law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against the appropriate Defendants and award:

**A.** Compensatory damages for all proven physical, psychological, emotional, economic, property-related, and consortium losses;

**B.** Punitive damages against the individual Defendants on the federal claims where the evidentiary standard is satisfied;

**C.** Exemplary damages against the individual Defendants on the Michigan intentional-tort claims where permitted by Michigan law;

**D.** Reasonable attorney fees and litigation costs under 42 U.S.C. § 1988 and any other applicable authority;

**E.** Pre-judgment and post-judgment interest as allowed by law;

**F.** Such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Date: October 17, 2026 Respectfully Submitted

/s/Diana L. McClain
by: Diana L. McClain P-54781
Attorney for Plaintiff
7071 Orchard Lake Rd. Ste. 210
West Bloomfield, Michigan 48322
(248) 539-3714
Fax (248) 539-4582
dlmcclain@aol.com